**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

In re:

Kelvin Alvin Lashley,
  Debtor.

_____/

Select Portfolio Servicing, Inc. as
Servicing Agent for The Bank of New
York Mellon, formerly known as The
Bank of New York, Not in its
Individual Capacity but Solely as
Trustee on Behalf of the Holders of the
CIT Mortgage Loan Trust, 2007-1
Asset-Backed Certificates, Series
2007-1,
     Movant,

    v.

Kelvin Alvin Lashley,
  Debtor/Respondent,

Kenneth E. West,
    Trustee/Additional Respondent.

_____/

CASE NO.: 26-10333-amc
CHAPTER 13

## ORDER GRANTING PROSPECTIVE IN REM RELIEF

AND NOW, this 18th day of June, 2026, upon consideration of Select Portfolio

Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The

Bank of New York, Not in its Individual Capacity but Solely as Trustee on Behalf of the Holders

of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1's Motion for

Prospective In Rem Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d), any

response thereto, it is hereby

ORDERED, that the automatic stay provisions of Section 362(a) of the United States Bankruptcy Code are terminated with respect to Select Portfolio Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The Bank of New York, not in its Individual Capacity but Solely as Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1; and it is further

ORDERED, that Select Portfolio Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The Bank of New York, not in its Individual Capacity but Solely as Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, its successors and/or assigns are entitled to proceed with appropriate state court remedies against the real property located at 4 Donny Brook Way, Collegeville, Pennsylvania 19426, including without limitation, Sheriff Sale of the property, and it is further

ORDERED, that any future bankruptcy cases filed within two (2) years from the entry of this Order pursuant to 11 U.S.C. §362(d)(4) by Debtor Kelvin Alvin Lashley or any successors, assigns, or any other persons, will not stay any actions taken by Movant or its successors from proceeding with enforcement of its right to possession of, or title to, the Property; and is it further

ORDERED, that pursuant to 11 U.S.C. § 362(d)(4), and provided that this Order is recorded in conformity therewith, the automatic stay under 11 U.S.C. § 362(a) as to Creditor's interest in the mortgaged property shall not be in effect and shall be deemed to have been terminated, and this Order shall be binding, in any other case filed under the United States Bankruptcy Code, regardless of the federal district the subsequent case is filed in, purporting to affect the mortgaged property that is commenced not later than two years after the date of this

Order, such that the automatic stay under 11 U.S.C. § 362(a) is implicated, and if a Chapter 13 case is filed, the Co-Debtor stay under 11 U.S.C. § 1301(a) that may otherwise be in place upon a further filing under the Bankruptcy Code, shall not apply to Creditor's interest in the mortgaged property; and it is further

ORDERED that Select Portfolio Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The Bank of New York, Not in its Individual Capacity but Solely as Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1's request to waive the 14-day stay period pursuant to Fed.R. Bankr.P. 4001(a)(4) is granted.

BY THE COURT:

_____

Ashely M. Chan
Chief U.S. Bankruptcy Judge