United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                                                        Case No. 26-10333-amc

Kelvin Alvin Lashley                                                                                                   Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 18, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 20, 2026:**

**Recip ID**           **Recipient Name and Address**
db             + Kelvin Alvin Lashley, 4 Donny Brook Way, Collegeville, PA 19426-4408

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 20, 2026                     Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 18, 2026 at the address(es) listed below:**

**Name**                **Email Address**

ANTHONY A. FRIGO

           on behalf of Debtor Kelvin Alvin Lashley anthonyfrigo@msn.com  frigoar70666@notify.bestcase.com

DANIELLE BOYLE-EBERSOLE

           on behalf of Creditor FEDERAL HOME LOAN MORTGAGE CORPORATION  AS TRUSTEE FOR FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2017-2,AS OWNER OF THE RELATED MORTGAGE LOAN dboyle-ebersole@hoflawgroup.com, ckohn@hoflawgroup.com

DANIELLE BOYLE-EBERSOLE

           on behalf of Creditor U.S. Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust dboyle-ebersole@hoflawgroup.com, ckohn@hoflawgroup.com

KENNETH E. WEST

           ecfemails@ph13trustee.com  philaecf@gmail.com

MATTHEW K. FISSEL

           on behalf of Creditor The Bank of New York Mellon  formerly known as The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed C bkgroup@kmllawgroup.com,

District/off: 0313-2                          User: admin                                    Page 2 of 2

Date Rcvd: Jun 18, 2026                       Form ID: pdf900                                Total Noticed: 1

matthew.fissel@brockandscott.com

ROBERT BRIAN SHEARER

on behalf of Creditor The Bank of New York Mellon  formerly known as The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed C rshearer@raslg.com

SHERRI DICKS

on behalf of Creditor The Bank of New York Mellon sdicks@raslg.com  shrdlaw@outlook.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

In re:                                                                   CASE NO.: 26-10333-amc
                                                                         CHAPTER 13
Kelvin Alvin Lashley,
   Debtor.
_____/

Select Portfolio Servicing, Inc. as
Servicing Agent for The Bank of New
York Mellon, formerly known as The
Bank of New York, Not in its
Individual Capacity but Solely as
Trustee on Behalf of the Holders of the
CIT Mortgage Loan Trust, 2007-1
Asset-Backed Certificates, Series
2007-1,
      Movant,

     v.

Kelvin Alvin Lashley,
   Debtor/Respondent,

Kenneth E. West,
    Trustee/Additional Respondent.
_____/

### ORDER GRANTING PROSPECTIVE IN REM RELIEF

AND NOW, this 18th day of June, 2026, upon consideration of Select Portfolio

Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The

Bank of New York, Not in its Individual Capacity but Solely as Trustee on Behalf of the Holders

of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1's Motion for

Prospective In Rem Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d), any

response thereto, it is hereby

ORDERED, that the automatic stay provisions of Section 362(a) of the United States Bankruptcy Code are terminated with respect to Select Portfolio Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The Bank of New York, not in its Individual Capacity but Solely as Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1; and it is further

ORDERED, that Select Portfolio Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The Bank of New York, not in its Individual Capacity but Solely as Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, its successors and/or assigns are entitled to proceed with appropriate state court remedies against the real property located at 4 Donny Brook Way, Collegeville, Pennsylvania 19426, including without limitation, Sheriff Sale of the property, and it is further

ORDERED, that any future bankruptcy cases filed within two (2) years from the entry of this Order pursuant to 11 U.S.C. §362(d)(4) by Debtor Kelvin Alvin Lashley or any successors, assigns, or any other persons, will not stay any actions taken by Movant or its successors from proceeding with enforcement of its right to possession of, or title to, the Property; and is it further

ORDERED, that pursuant to 11 U.S.C. § 362(d)(4), and provided that this Order is recorded in conformity therewith, the automatic stay under 11 U.S.C. § 362(a) as to Creditor's interest in the mortgaged property shall not be in effect and shall be deemed to have been terminated, and this Order shall be binding, in any other case filed under the United States Bankruptcy Code, regardless of the federal district the subsequent case is filed in, purporting to affect the mortgaged property that is commenced not later than two years after the date of this

Order, such that the automatic stay under 11 U.S.C. § 362(a) is implicated, and if a Chapter 13 case is filed, the Co-Debtor stay under 11 U.S.C. § 1301(a) that may otherwise be in place upon a further filing under the Bankruptcy Code, shall not apply to Creditor's interest in the mortgaged property; and it is further

ORDERED that Select Portfolio Servicing, Inc. as Servicing Agent for The Bank of New York Mellon, formerly known as The Bank of New York, Not in its Individual Capacity but Solely as Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1's request to waive the 14-day stay period pursuant to Fed.R. Bankr.P. 4001(a)(4) is granted.

BY THE COURT:

_____
Ashely M. Chan
Chief U.S. Bankruptcy Judge